1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6
7

PEGGY G. BOYNTON,

Plaintiff,

8

v.

9

AMERICAN MODERN INSURANCE
COMPANY,

10
11

Defendant.

Case No. 18-cv-00374-MEJ

**ORDER FOR CLERK OF COURT TO
REASSIGN CASE**

**REPORT & RECOMMENDATION**

12
13

**INTRODUCTION**

14

Plaintiff Peggy Boynton originally filed this action in Alameda County Superior Court on

15

December 5, 2017; she served Defendant American Modern Insurance Company by mail on or

16

around December 18, 2017. Not. of Removal ¶¶ 1-2, Dkt. No. 1; Sullivan Decl. Ex. A, Dkt. No. 1

17

at ECF pp. 5-7. Defendant removed this action from Alameda County Superior Court. Not. of

18

Removal. Pending before the Court is Defendant's motion to dismiss for failure to state a claim.

19

Mot., Dkt. No. 4; *see also* Dkt. No. 7 (Not. of Revised Br. and Hrg. Sched.). Defendant served the

20

motion and notice of revised briefing and hearing schedule upon Plaintiff. *See* Dkt. No. 4 at ECF

21

p.6; Dkt. No. 7 at ECF p.3. The deadline for filing an opposition to the Motion was February 16,

22

2018. *See* Civ. L.R. 7-3(a). As of the date of this Order, Plaintiff has not opposed the Motion.

23

*See* Docket.

24

The undersigned finds this matter suitable for disposition without oral argument and

25

VACATES the March 15, 2018 hearing on the Motion. Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b).

26

The undersigned filed a second notice of consent or declination, directing the parties to

27

respond no later than February 21, 2018. Dkt. No. 9. As Plaintiff did not consent to magistrate

28

judge jurisdiction, the Court ORDERS the Clerk of Court to REASSIGN this case to a district

1  judge with the RECOMMENDATION that the Complaint be DISMISSED WITH LEAVE TO

2  AMEND.

3  **LEGAL STANDARD**

4  Rule 8(a) requires that a complaint contain a "short and plain statement of the claim

5  showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must therefore

6  provide a defendant with "fair notice" of the claims against it and the grounds for relief. *Bell Atl.*

7  *Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and citation omitted).

8  A court may dismiss a complaint under Rule 12(b)(6) when it does not contain enough

9  facts to state a claim to relief that is plausible on its face. *Id.* at 570. "A claim has facial

10  plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

11  inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662,

12  678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for

13  more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550

14  U.S. at 557). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

15  detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to

16  relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

17  cause of action will not do. Factual allegations must be enough to raise a right to relief above the

18  speculative level." *Twombly*, 550 U.S. at 555 (internal citations and parentheticals omitted).

19  In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as

20  true and construe them in the light most favorable to the plaintiff. *Id.* at 550; *Erickson v. Pardus*,

21  551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007). In

22  addition, courts may consider documents attached to the complaint. *Parks Sch. of Bus., Inc. v.*

23  *Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted).

24  If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no

25  request to amend the pleading was made, unless it determines that the pleading could not possibly

26  be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en

27  banc) (internal quotations and citations omitted). However, the Court may deny leave to amend

28  for a number of reasons, including "undue delay, bad faith or dilatory motive on the part of the

2

1  movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice

2  to the opposing party by virtue of allowance of the amendment, [and] futility of amendment."

3  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v.*

4  *Davis*, 371 U.S. 178, 182 (1962)).

5  **DISCUSSION[1]**

6      The Complaint alleges a single claim for breach of contract. *See* Compl. To state a breach

7  of contract claim under California law, Plaintiff must allege: "'the existence of the contract,

8  performance by or excuse for nonperformance by the plaintiff, breach by the defendant, and

9  damages.'" *Langan v. United Servs. Auto. Ass'n*, 69 F. Supp. 3d 965, 979 (N.D. Cal. 2014)

10  (quoting *First Comm'l Mortg. Co. v. Reece*, 89 Cal. App. 4th 731, 745 (2001)). It is "'absolutely

11  essential to plead the terms of the contract either [by incorporating the exact language of the

12  contract into the complaint] or according to legal effect.'" *Id.* (quoting *Twaite v. Allstate Ins. Co.*,

13  216 Cal. App. 3d 239, 252 (1989)). "A plaintiff fails to sufficiently plead the terms of the contract

14  if he does not allege in the complaint the terms of the contract or attach a copy of the contract to

15  the complaint." *Id.*

16      Plaintiff filed a form Contract Complaint. *See* Compl. at ECF pp.10, 13. The Complaint

17  alleges Defendant entered into the contract "here" and that the real property that is the subject of

18  this action is located "here". *Id.* at ECF p.13. These statements apply to Plaintiff's cause of action

19  for "insurance coverage", and Plaintiff prays for damages of $150,000. *Id.*

20      The Complaint does not state a claim for breach of contract. First and foremost, Plaintiff

21

22  [1] Plaintiff is a citizen of California, and Defendant is a citizen of Ohio. *See* Compl. at ECF p.12;
Not. of Removal ¶¶ 6-7. No other parties are named in the Complaint. Plaintiff requests damages
23  in the amount of $150,000.00. Compl. at ECF p.13. Based on the allegations of the Complaint,
the requirements of diversity jurisdiction are met, and the case was removable to this Court. *See*
24  28 U.S.C. §§ 1332, 1441. The proof of service Plaintiff filed in Alameda County Superior Court
does not indicate when Plaintiff caused the summons and complaint to be served, by mail, on
25  Defendant. *See* Proof of Service, Dkt. No. 1 at ECF pp. 11-12. Defendant received the mailing
"on or around" December 18, 2017. Sullivan Decl. ¶ 4, Dkt. No. 1 at ECF pp. 5-7. Defendant
26  removed the action on January 17, 2018, exactly 30 days after December 18, 2017. Removal must
be effectuated within 30 days of receiving service. *See* 28 U.S.C. § 1446. If the removal was
27  untimely, Plaintiff has waived that defect by failing to object to it within 30 days of removal. *See*
28 U.S.C. § 1447(c); *Corona-Contreras v. Gruel*, 857 F.3d 1025, 1030 (9th Cir. 2017) ("Because
28  [the plaintiff] did not file a motion to remand, he waived any procedural defect in the removal, and
the district court lacked the authority to remand sua sponte.").

1    does not plead the essential terms of the contract, nor does she attach a copy of the contract to the

2    Complaint.  Second, she fails to allege her performance or excuse for non-performance.  Finally,

3    she fails to allege specific facts showing how Defendant breached the contract.  The breach of

4    contract claim does not have facial plausibility.

5                                                    **CONCLUSION**

6            As Plaintiff did not yet consent to the jurisdiction of a United States Magistrate Judge

7    pursuant to 28 U.S.C. § 636(c), the Clerk of Court shall REASSIGN this case to a District Judge.

8    Although Plaintiff did not file an opposition to the Motion[2] nor request an extension of time to do

9    so, she is acting pro se.  It also is not evident that the Complaint could not be amended to state a

10   claim.  Accordingly, the undersigned RECOMMENDS that the Complaint be DISMISSED WITH

11   LEAVE TO AMEND.

12           **Pursuant to Federal Rule of Civil Procedure 72, any party may serve and file**

13   **objections to this report and recommendation within 14 days after being served with a copy.**

14           As Plaintiff is proceeding pro se, she may seek assistance from the Legal Help Center, a

15   free service offered by the Justice & Diversity Center of the Bar Association of San Francisco, by

16   calling 415-782-8982, or by signing up for an appointment on the15th Floor of the Federal

17   Courthouse in San Francisco, 450 Golden Gate Avenue, San Francisco, California.  There is also a

18   Legal Help Center in Oakland, located on the 4th Floor, Room 470S, of the United States

19   Courthouse, 1301 Clay Street, Oakland.  At the Legal Help Center, you will be able to speak with

20   an attorney who may be able to provide basic legal help but not representation.  More information

21   is available at http://cand.uscourts.gov/helpcentersf.

22

23

24

25

26

_____

27   [2] The undersigned did not issue an order requiring Plaintiff to show cause why her case should not
     be dismissed for failure to prosecute because the defects of the Complaint could not be contested
28   and because the case would need to be reassigned due to the lack of consent to magistrate
     jurisdiction.

                                                          4

The Court also recommends that Plaintiff obtain a copy of the Court's *Handbook for Litigants Without a Lawyer*, which is available free of charge in the Clerk's Office, or online at http://cand.uscourts.gov/prosehandbk.  This handbook provides an explanation of the required components of a complaint.

**IT IS SO ORDERED AND RECOMMENDED.**

Dated: February 22, 2018

_____
MARIA-ELENA JAMES
United States Magistrate Judge