IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEGGY G. BOYNTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AMERICAN MODERN INSURANCE COMPANY,<br><br>　　　　Defendant. | Case No. 18-cv-00374-CRB<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT** |

　　In 2017, Plaintiff Peggy Boynton sued Defendant American Modern Insurance Co. (AMI) in state court. See Complaint (dkt. 1 Ex. A). AMI removed the case to this court. See Notice of Removal (dkt. 1). The Court dismissed Boynton's complaint but granted leave to amend. See Order Granting Mot. to Dismiss (dkt. 17). Boynton filed an amended complaint in April 2018. See FAC (dkt. 18). The Court directed the parties to participate in alternative dispute resolution proceedings, see Minute Entry (dkt. 21), and later appointed counsel for Boynton for the limited purpose of representing Boynton in settlement discussions, see Order Appointing Counsel (dkt. 40). Those discussions failed, see Minute Entry (dkt. 48), and the Court terminated Boynton's appointed representation, see Order Terminating Representation (dkt. 50). But the Court appointed counsel for Boynton again in November 2019 (again for the limited purpose of representing Boynton in settlement discussions). See Order Appointing Counsel (dkt. 57). Once more, the parties failed to settle, and the Court relieved Boynton's pro bono counsel. See Order Reliving Counsel (dkt. 77).

　　AMI now moves for summary judgment. See Mot. for Summary Judgment (dkt.

80).  AMI has provided documents showing that Boynton filed for bankruptcy in the Eastern District of California in June 2020.  See Voluntary Petition of Bankruptcy (dkt. 80-1 Ex. K).  Boynton's bankruptcy petition did not indicate that she had any "claims against third parties."  Id. at 18 (Schedule A/B: Property, Part 4, Request 33).  Boynton's amended bankruptcy petition similarly failed to indicate that she had any "claims against third parties."  See Amendment to Voluntary Petition of Bankruptcy (dkt. 80-1 Ex. L) at 8 (Schedule A/B: Property, Part 4, Request 33).  The bankruptcy trustee issued a final report on December 30, 2020, see Final Report (dkt. 80-1 Ex. M), and the bankruptcy court adopted that report on February 2, 2021, see Order Adopting Report (dkt. 80-1 Ex. N).

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper if there are not genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  The Court grants AMI's motion for summary judgment.

Boynton's filing of a bankruptcy petition created "an estate . . . comprised of . . . all legal or equitable interests of [Boynton] in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).  This "includes causes of action."  Sierra Switchboard Co. v. Westinghouse Elec. Corp., 789 F.2d 705, 707 (9th Cir. 1986).  The instant lawsuit is thus part of the bankruptcy estate unless the bankruptcy trustee has abandoned it.  11 U.S.C. § 554(d).  And the trustee has not abandoned it.  Generally, the trustee can abandon property only after notice and a hearing.  See id. § 554(a)-(b).  That rule does not apply to certain property "scheduled" under 11 U.S.C. § 521(a)(1) and "not otherwise administered at the time of the closing of a case," at which point the property is "abandoned to the debtor."  Id. § 554(c).[1]  Here, there is no indication that the trustee has provided notice or held a hearing in order to abandon this lawsuit.  And the lawsuit was not "scheduled" under § 521(a)(1) because Boynton omitted it from her bankruptcy petition.  Therefore, the lawsuit remains part of the bankruptcy estate.

Under Rule 17(a)(1) of the Federal Rules of Civil Procedure, a lawsuit "must be

---

[1] Section 521(a)(1) requires the debtor to file a "schedule of assets and liabilities" and similar indicia of the debtor's financial affairs.  See id. § 521(a)(1)(B)(i).

prosecuted in the name of the real party in interest." Because the real party in interest here is the trustee of the bankruptcy estate, not Boynton, the Court grants AMI's motion for summary judgment.[2]

**IT IS SO ORDERED.**

Dated: August 30, 2021.



CHARLES R. BREYER
United States District Judge

---

[2] Boynton has not timely filed an opposition to AMI's motion for summary judgment. In any event, the documents relevant to Boynton's bankruptcy case conclusively show that AMI is entitled to summary judgment.

3